No. _____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

---

## GRASSROOTS OPCO MO, LLC AND VERTICAL ENTERPRISE, LLC

*Defendants-Petitioners,*

*v.*

## CHRISTOPHER VICK, ET AL.

*Plaintiffs-Respondents.*

---

## Petition for Permission to Appeal Order Granting Remand Under 28 U.S.C. § 1453(c)(1)

---

From the June 3, 2026 Order of the United States District Court for the Western District of Missouri, No. 4:25-cv-00739-DGK
The Honorable Gregory Kays, District Judge

---

Eric M. Walter
Paul L. Brusati
Nicholas D. Slovikoski
Madeline L. Mann
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
314.621.5070
ewalter@atllp.com
pbrusati@atllp.com
nslovikoski@atllp.com
mlmann@atllp.com

# Table of Contents

Table of Authorities............................................................................ iii

Fed. R. App. P. 26.1 Disclosure Statement..............................................v

Facts Necessary to Understand the Question Presented.........................1

    A.  Plaintiffs filed a putative class action in Missouri state court. ......1

    B.  Grassroots filed its Notice of Removal within 30 days of the filing of the First Amended Petition.........................................................2

    C.  Plaintiffs filed their first Motion to Remand, which was stayed pending jurisdictional discovery. ...................................................3

    D.  Plaintiffs filed the Second Amended Petition with a revised putative class definition and a Renewed Motion to Remand..........4

    E.  The District Court held that under *Royal Canin*, Plaintiffs could alter putative class citizenship post-removal and establish a CAFA exception................................................................................6

The Question Presented ......................................................................8

The Relief Sought ...............................................................................9

Statutory Basis for the Appeal ..........................................................10

Reasons the Appeal Should Be Allowed ..............................................11

    I.  Applicable factors favor granting review of the District Court's remand order. ..........................................................................11

        A.  This petition presents an important and unsettled CAFA-related question. ................................................................12

        B.  The District Court's remand order seems wrongly decided or is fairly debatable, and the issue is likely to recur. ...................13

II. The District Court's reliance on Royal Canin is, at minimum, fairly debatable because Royal Canin sits in tension with § 1332(d)(7) and this Court's CAFA authority. ..................................14

    A. Whether *Royal Canin* displaced § 1332(d)(7)'s rule that class citizenship is fixed by the pleading establishing CAFA jurisdiction is, at least, an open question. ...............................16

    B. *Royal Canin* did not change this Court's reading of section 1332(d)(7). ...........................................................................17

III. The only circuit to apply *Royal Canin* to CAFA did so on different facts. 18

Conclusion .............................................................................................19

Certificate of Compliance.....................................................................21

Certificate of Service ............................................................................22

# Table of Authorities

**Cases**

*BP Am, Inc. v. Oklahoma,*
611 F.3d 1029 (10th Cir. 2010) .......................................................... 11

*Coleman v. Estes Express Lines, Inc.,*
627 F.3d 1096 (9th Cir. 2010) .......................................................... 11

*Coll. Of Dental Surgeons v. Conn. Gen. Life Ins.,*
585 F.3d 33 (1st Cir. 2009) .............................................................. 11

*Faulk v. JELD-WEN, Inc.,*
159 F.4th 618 (9th Cir. 2025) .......................................................... 19

*Great River Ent., LLC v. Zurich Am. Ins. Co.,*
81 F.4th 1261 (8th Cir. 2023) .......................................................... 15

*Hargett v. RevClaims, LLC,*
854 F.3d 962 (8th Cir. 2017) ............................................ 8, 12, 17, 18

*Hargis v. Access Cap. Funding,*
674 F.3d 783 (8th Cir. 2012) ...................................................... 12, 18

*In Touch Concepts, Inc. v. Cellco P'ship,*
788 F.3d 98 (2d Cir. 2015) .............................................................. 18

*Leflar v. Target Corp.,*
57 F.4th 600 (8th Cir. 2023) ............................................................. 6

*O'Shaughnessy v. Cypress Media, L.L.C.,*
No. 4:13–cv–0947–DGK, 2014 WL 1791065 (W.D. Mo.
May 6, 2014) .................................................................................. 15

*Robust Missouri Dispensary 3, LLC v. St. Louis County,*
721 S.W.3d 135 (Mo. 2025) ............................................................... 1

*Royal Canin U. S. A., Inc. v. Wullschleger,*
604 U.S. 22 (2025) ........................... 5, 6, 7, 8, 12, 13, 14, 15, 16, 17, 18

*Zurbriggen v. Twin Hill Acquisition Co., Inc.*,
    No. 1:17-CV-5648, 2025 WL 1092973 (N.D. Ill. Apr. 11,
    2025) .......................................................................................... 13

**Statutes**

28 U.S.C. § 1332 ............................. 4, 5, 6, 7, 8, 12, 13, 14, 15, 16, 17, 18

28 U.S.C. § 1367 ................................................................................... 13

28 U.S.C. § 1453(c) .................................................................. 1, 10, 17, 22

**Other Authorities**

Eighth Circuit Rule 26.lA ...................................................................... v

Fed. R. App. P. 5(c)(1) .......................................................................... 21

Fed. R. App. P. 26.1 ............................................................................... v

Fed. R. App. P. 32 ................................................................................. 21

## Fed. R. App. P. 26.1 Disclosure Statement

Under Federal Rule of Appellate Procedure 26.1 and Eighth Circuit Rule 26.lA, Defendant's counsel of record certify to the best of their knowledge and belief as follows:

Defendant-Petitioner Grassroots OpCo MO, LLC is wholly-owned by Grassroots OpCo MO, LLC, a Missouri limited liability company. No publicly held corporation owns 10% or more of its stock.

Defendant-Petitioner Vertical Enterprise, LLC is wholly-owned by Vertical Enterprise, LLC, a Missouri limited liability company. No publicly held corporation owns 10% or more of its stock.

**Facts Necessary to Understand the Question Presented**

**A.    Plaintiffs filed a putative class action in Missouri state court.**

Christopher Vick and Bridget Biersmith filed their Class Action Petition in Jackson County Circuit Court in June 2025, alleging six claims against a putative defendant class made up of Grassroots OpCo MO, LLC, Vertical Enterprise, LLC, and 216 unnamed Missouri-licensed dispensaries. Doc. 1-1 at 4-6. According to Plaintiffs, they were improperly charged a statutorily-required 3% sales tax on adult-use marijuana purchases that the Supreme Court of Missouri later held a county may not impose on sales within an incorporated city, town, or village. Doc. 1-1 at 6-7; *Robust Missouri Dispensary 3, LLC v. St. Louis County*, 721 S.W.3d 135 (Mo. 2025). Plaintiffs sought various types of relief including restitution, attorneys' fees, and monetary damages in an undetermined amount. Doc. 1-1 at 4-6.

A month later, Plaintiffs filed the First Amended Class Action Petition ("First Amended Petition"). Doc. 1-1 at 35. The First Amended Petition revised the putative plaintiff class to include "all persons" who paid the 3% sales tax from December 2022 to August 2025. Doc. 1-1 at 41. Plaintiffs emphasized that the "Plaintiff Class consists of thousands

1

of consumers" who were subject to the tax. Doc. 1-1 at 41. The First Amended Petition also added five named defendants and included more allegations related to the purportedly unlawful imposition of the sales tax. Doc. 1-1 at 35-55.

### B. Grassroots filed its Notice of Removal within 30 days of the filing of the First Amended Petition.

Less than 30 days after Plaintiffs filed the First Amended Petition, Grassroots filed its Notice of Removal. Doc. 1.

Based on the allegations in the First Amended Petition, the action was removable under the Class Action Fairness Act ("CAFA"): Minimal diversity was satisfied because the expanded putative plaintiff class definition includes "all persons" who paid the 3% tax, so at least one of the putative class members was of diverse citizenship from Grassroots. Doc. 1 at 6-7. One or more representative persons brought the action on behalf of a putative class. Doc. 1 at 3-4. The proposed class exceeded 100 members. Doc. 1 at 4. And, because Plaintiffs sought monetary damages for thousands of consumers, the amount in controversy exceeded $5 million. Doc. 1 at 4-5.

### C. Plaintiffs filed their first Motion to Remand, which was stayed pending jurisdictional discovery.

Plaintiffs moved to Remand, or in the Alternative, for Leave to Conduct Expedited Jurisdictional Discovery. Doc. 6 and 7. Plaintiffs argued that Grassroots and Vertical failed to establish minimal diversity under CAFA and requested that the action be remanded to state court. Doc. 7.

The District Court found that Grassroots and Vertical had sufficiently alleged minimal diversity, emphasizing that the putative class as defined in the First Amended Petition was not limited to Missouri citizens and that a person need not be a Missouri citizen to be subjected to the 3% tax at issue. Doc. 24 at 5-7.

On the CAFA exceptions, the District Court found Plaintiffs had not shown that either CAFA exception (local-controversy or home-state) applies because they had not shown by a preponderance of the evidence that two-thirds or more of the Plaintiff Class were Missouri citizens. Doc. 24 at 7–12. Rather than deny remand outright, however, the District Court permitted Plaintiffs to conduct expedited discovery limited to the citizenship of the putative plaintiff class and stayed the Motion to Remand pending its completion. Doc. 24 at 14.

**D.    Plaintiffs filed the Second Amended Petition with a revised putative class definition and a Renewed Motion to Remand.**

Plaintiffs sought leave to amend the First Amended Petition with the stated purpose of limiting the putative plaintiff class to Missouri citizens, stating they intended to file a renewed motion to remand based on the amended class allegations. Doc. 27 n.1. Grassroots and Vertical opposed on the basis that, under 28 U.S.C. § 1332(d)(7), a post-removal amendment redefining the class cannot satisfy a CAFA exception or compel remand. Doc. 29.

Plaintiffs' Motion to Amend was granted, and Plaintiffs filed the "Second Amended Class Action Petition" (Second Amended Petition) in February 2026. Doc. 31 and 32. The Second Amended Petition narrowed the putative plaintiff class such that it only included Missouri citizens but was otherwise unchanged from the First Amended Petition. Doc. 32 at 7. The Second Amended Petition did not confine the Defendant class to Missouri citizens. It continued to define that class as "state-licensed marijuana dispensaries operating in Missouri." Doc. 32 at ¶¶ 16, 36; Doc. 36 at 5.

Plaintiffs filed their Renewed Motion to Remand relying, in part, on *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), to argue that their post-removal amendment to the class definition "defeats CAFA minimal diversity" and requires the District Court to remand the action to state court. Doc. 33 at 2.

Grassroots and Vertical opposed on two grounds. Doc. 34.

First, citizenship determination for purposes of CAFA is controlled by statute. Doc. 34 at 1-2. 28 U.S.C. § 1332(d)(7) provides that for actions not originally filed in federal court, such as this one, citizenship of a putative plaintiff class shall be determined "as of the date of service by plaintiffs of an amended pleading, motion, or other paper, indicating the existence of Federal jurisdiction." In this case, that is the First Amended Petition because it was the pleading indicating the existence of CAFA jurisdiction.

Second, in the CAFA context, any doubt as to remand must be resolved in favor of retaining jurisdiction. Doc. 34 at 2-3. While the general rule is to resolve doubts in favor of remand, Eighth Circuit authority provides "the law has been clear that the same rule does not

apply under the Class Action Fairness Act." *Leflar v. Target Corp.*, 57 F.4th 600, 604 (8th Cir. 2023).

### E. The District Court held that under *Royal Canin*, Plaintiffs could alter putative class citizenship post-removal and establish a CAFA exception.

Although Plaintiffs argued that, with the amendment, even minimal diversity was not gone, the District Court disagreed, finding that the Second Amended Petition limited only the proposed plaintiff class and did not confine the putative defendant class to Missouri citizens, and so "[t]he Court does not, therefore, find that minimal diversity is lacking." Doc. 36 at 5. The only question that remained was whether the court had to assess CAFA jurisdiction against the Second Amended Petition or against the pleading operative at removal, the First Amended Petition. Doc. 36 at 5.

The District Court acknowledged the distinction section 1332(d)(7) draws between a change in "the state of things" (a class member's post-filing change of domicile, which does not defeat jurisdiction) and a change in the "alleged state of things," that is, a post-removal amendment to the class definition itself. Doc. 36 at 10–11. The court concluded that a post-removal amendment redefining the class could

6

destroy CAFA jurisdiction and compel remand, just as adding or removing a party could. Doc. 36 at 10–11.

The District Court found the Second Amended Petition operative for purposes of CAFA jurisdiction under *Royal Canin.* Doc. 36. Reviewing the Second Amended Petition, the court held that more than two-thirds, "indeed all," of the Plaintiff class are Missouri citizens, that Plaintiffs had already satisfied the remaining elements of sections 1332(d)(4)(A) and (B), and that CAFA's local-controversy and home-state exceptions therefore required remand. Doc. 36 at 13.

## The Question Presented

Section 1332(d)(7) fixes the citizenship of proposed class members as of the date of the pleading that establishes CAFA jurisdiction. This Court has suggested that, under that section, a plaintiff cannot use a post-removal amendment redefining the class in an attempt to satisfy CAFA's local-controversy or home-state exceptions. *See Hargett v. RevClaims, LLC*, 854 F.3d 962, 966–67 (8th Cir. 2017).

The question presented is whether the Supreme Court's decision in *Royal Canin* now permits a CAFA plaintiff to redefine the proposed class after removal to trigger the local-controversy or home-state exceptions, despite section 1332(d)(7)'s rule fixing class citizenship at the time of the pleading that established CAFA jurisdiction and *Hargett*'s observation that doing so "seems to violate" § 1332(d)(7). *Id.*

## The Relief Sought

Grassroots and Vertical request that this Court grant permission to appeal the District Court's June 3, 2026 Order remanding the action to state court. Doc. 36.

## Statutory Basis for the Appeal

Under 28 U.S.C. § 1453(c)(1), "a court of appeals may accept an appeal from an order of a District Court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not more than 10 days after entry of the order."

This Petition is timely filed within ten days of the District Court's June 3, 2026 Order.

**Reasons the Appeal Should Be Allowed**

## I. Applicable factors favor granting review of the District Court's remand order.

This Court has not identified the factors it considers when deciding to allow review of a remand order in which the District Court found a post-removal amendment operative for purposes of class citizenship in the CAFA context.

Other courts have identified several factors, including: (1) whether the question presents an important CAFA-related question; (2) whether the question presents an unsettled question; (3) whether the District Court's remand order seems wrongly decided or fairly debatable under existing law; (4) whether the CAFA-related question is likely to recur; and (5) whether the question presented is likely to evade effective review if consideration occurs only after final judgment. *See Coleman v. Estes Express Lines, Inc.*, 627 F.3d 1096, 1100 (9th Cir. 2010); *BP Am, Inc. v. Oklahoma*, 613 F.3d 1029, 1034–35 (10th Cir. 2010); *Coll. Of Dental Surgeons v. Conn. Gen. Life Ins.*, 585 F.3d 33, 39 (1st Cir. 2009).

These factors favor granting review here.

## A. This petition presents an important and unsettled CAFA-related question.

This Petition presents an important and unsettled CAFA-related question, because this Court has not yet determined how the *Royal Canin* decision applies in circumstances such as this case: where a District Court finds minimal diversity is satisfied but determines that *Royal Canin* requires remand after a post-removal citizenship amendment despite Eighth Circuit CAFA and statutory authority suggesting that citizenship be fixed by the pleading establishing CAFA jurisdiction.

Before *Royal Canin*, the prevailing understanding regarding post-removal citizenship amendments in the CAFA context was that the pleading indicating the existence of CAFA jurisdiction determined citizenship for purposes of CAFA jurisdiction and the CAFA exceptions. *See* 28 U.S.C. § 1332(d)(7); *Hargett v. RevClaims*, 854 F.3d 962, 967 (8th Cir. 2017) (observing that redefining a class to trigger the local-controversy exception seems to conflict with § 1332(d)(7)); *see also Hargis v. Access Cap. Funding*, 674 F.3d 783, 789–90 (8th Cir. 2012).

But the *Royal Canin* holding, which provides that post-removal amendments in the federal question jurisdiction context can divest a

federal court of subject matter jurisdiction, calls that CAFA standard into question. This Petition presents an opportunity for this Court to resolve that uncertainty.

**B.  The District Court's remand order seems wrongly decided or is fairly debatable, and the issue is likely to recur.**

*Royal Canin* did not involve CAFA jurisdiction, nor did it address any CAFA exception. *See Zurbriggen v. Twin Hill Acquisition Co., Inc.*, No. 1:17-CV-5648, 2025 WL 1092973, at n.4 (N.D. Ill. Apr. 11, 2025) ("First, while *Royal Canin* held that post-removal amendment of a complaint to remove all federal claims defeats subject-matter jurisdiction predicated on 28 U.S.C. §§ 1331 and 1367, it never addressed § 1332(d)—the basis for this Court's jurisdiction.").

It was wrong, or at least debatable, for the District Court to apply *Royal Canin* to this CAFA action. Doc. 36. Left unchallenged, the remand order will establish case law extending *Royal Canin* to a CAFA context that 28 U.S.C. § 1332(d)(7) and this Court's cases already govern. This will only deepen the uncertainty as to what impact, if any, *Royal Canin* has on post-removal citizenship determinations in CAFA cases.

13

Amendments to putative classes after removal are likely to recur, and the number of remand orders resting on this unsettled question will only continue to grow. This is the kind of recurring, fairly debatable question this Court should decide.

## II. The District Court's reliance on Royal Canin is, at minimum, fairly debatable because Royal Canin sits in tension with § 1332(d)(7) and this Court's CAFA authority.

*Royal Canin* held that when a defendant removes on federal-question grounds involving both federal and state claims, post-removal amendment deleting all federal claims may strip a federal court of supplemental jurisdiction over the remaining claims. *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 25–26 (2025). Remand then becomes mandatory. *Id.* at 44.

The District Court relied on the *Royal Canin* holding because CAFA is a "species" of diversity jurisdiction and nothing in the opinion expressly limits the holding to federal question or supplemental jurisdiction issues. Doc. 36 at 9.

Since CAFA's creation, however, there have been and continue to be rules—created both by Congress and this Court—that apply to CAFA

14

jurisdiction that do not apply in non-CAFA diversity jurisdiction matters.

For example, the amount in controversy must exceed $5 million for actions removed under CAFA, whereas the amount in controversy for a non-CAFA diversity action must only exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (d)(2). Similarly, under CAFA, the citizenship of an LLC is determined by the state under whose laws it is organized and of the state in which it has its principal place of business. *See O'Shaughnessy v. Cypress Media, L.L.C.*, No. 4:13–cv–0947–DGK, 2014 WL 1791065, at *4 (W.D. Mo. May 6, 2014). That rule is specific to CAFA and inconsistent with the LLC citizenship rule applicable in non-CAFA cases, which provides LLC citizenship is determined by the citizenship of each of its members. *See Great River Ent., LLC v. Zurich Am. Ins. Co.*, 81 F.4th 1261, 1263 (8th Cir. 2023).

At a minimum, it is fairly debatable whether *Royal Canin*, which neither reached post-removal amendments in CAFA cases nor abrogated this Court's authority on the issue, applies to post-removal putative class citizenship amendments in CAFA cases. Doc. 36.

### A. Whether *Royal Canin* displaced § 1332(d)(7)'s rule that class citizenship is fixed by the pleading establishing CAFA jurisdiction is, at least, an open question.

Section 1332(d)(7), in full, states:

> Citizenship of the members of the proposed plaintiff classes shall be determined for purposes of paragraphs (2) through (6) as of the date of filing of the complaint or amended complaint, or, if the case stated by the initial pleading is not subject to Federal jurisdiction, as of the date of service by plaintiffs of an amended pleading, motion, or other paper, indicating the existence of Federal jurisdiction.

The phrase "complaint or amended complaint" in the first clause refers to the pleading that establishes CAFA jurisdiction, not any later amendment. This is confirmed by the second clause. It provides that if the initial pleading is not subject to federal jurisdiction, citizenship is determined by the amended pleading indicating the existence of CAFA jurisdiction. The second clause provides citizenship is determined "as of the date of service" of an amended pleading "indicating the existence of Federal jurisdiction," but only "if the case stated by the initial pleading is not subject to Federal jurisdiction." 28 U.S.C. § 1332(d)(7). That condition only makes sense if the first clause's reference to "complaint or amended complaint" means whichever pleading establishes federal jurisdiction, not any subsequent amendment filed in federal court.

If any post-removal amendment could reset the citizenship analysis, as proposed by Plaintiffs, and as the District Court found is now the case under *Royal Canin*, Congress would not have carved out the specific situation where the initial pleading fails to establish jurisdiction. If Congress intends to follow the *Royal Canin* holding, it may do so by revising the statute. Without such a revision, whether *Royal Canin* governs citizenship determinations under 28 U.S.C. § 1332(d)(7) is, at least, open to doubt.

B.   ***Royal Canin* did not change this Court's reading of section 1332(d)(7).**

When this Court last construed section 1332(d)(7), it read the provision to bar redefining a class after removal to invoke the local-controversy exception. *Hargett*, 854 F.3d at 967. *Royal Canin* did not change the text. *See generally Royal Canin U. S. A.*, 604 U.S. 22 (2025). Whatever weight *Hargett*'s observation carries, it reflects this Court's reading of the same words after *Royal Canin* as before. The District Court set that reading aside in favor of a decision interpreting different statute. That alone makes the question fairly debatable under § 1453(c).

In *Hargett*, this Court addressed a post-removal amendment redefining a class to only Arkansas citizens to trigger the local-

controversy exception and observed that "the concept of redefining a class to trigger the local-controversy exception seems to violate § 1332(d)(7), which says that for purposes of the local-controversy exception, class citizenship must be determined as of the date of the pleading giving federal jurisdiction." 854 F.3d at 967; *see also Hargis v. Access Capital Funding*, 674 F.3d at 789–90 (applying the same operative-complaint-at-removal principle to reject a post-removal amendment narrowing the class to Missouri plaintiffs).

In the remand order, the District Court agreed that *Hargett* was on point and referenced a Second Circuit case supporting the *Hargett* holding: "jurisdiction under CAFA is secure even though, after removal, the plaintiffs amended their complaint to eliminate the class allegations." Doc. 36 at 6 n.2 (quoting *In Touch Concepts, Inc. v. Cellco P'ship*, 788 F.3d 98, 101–02 (2d Cir. 2015)).

Still, the District Court determined that *Royal Canin* applied in this case.

## III.    The only circuit to apply *Royal Canin* to CAFA did so on different facts.

Only the Ninth Circuit has taken up whether *Royal Canin*'s holding applies to CAFA cases, but it did so on different facts.

In *Faulk v. JELD-WEN, Inc.*, 159 F.4th 618, 620 (9th Cir. 2025), the Ninth Circuit held that "*Royal Canin*'s rule also governs when a plaintiff amends their class complaint and excises the claims necessary for CAFA's minimal diversity standards to apply." So, when the plaintiffs excised their class allegations entirely, leaving no basis for jurisdiction under CAFA, the district court had no choice but to remand the case. *Faulk*, 159 F.4th at 625.

*Faulk* did not address the situation here, where a plaintiff retains the class action and redefines only the plaintiff class to satisfy CAFA's local-controversy exception, and where, unlike in *Faulk*, the redefinition did not eliminate minimal diversity. Indeed, the District Court remanded not because minimal diversity was lacking but because, after amendment, Plaintiffs met the local-controversy exception: "The Court does not, therefore, find that minimal diversity is lacking." Doc. 36 at 5.

## Conclusion

For these reasons, Grassroots and Vertical ask the Court to accept this appeal, reverse the District Court's Remand Order, find the District Court has subject matter jurisdiction over this action, and direct the District Court to proceed with this action.

19

By: */s/ Eric M. Walter*
Eric M. Walter
Paul L. Brusati
Nicholas D. Slovikoski
Madeline L. Mann
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
314.621.5070
314.621.5065 (facsimile)
ewalter@atllp.com
pbrusati@atllp.com
nslovikoski@atllp.com
mlmann@atllp.com

*Attorneys for Defendants-Petitioners*

## Certificate of Compliance

1.  This petition complies with the length limit of Fed. R. App. P. 5(c)(1) because, excluding the parts exempted by Fed. R. App. P. 32(f), it contains 3,250 words and does not exceed 5,200 words.

2.  This petition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook.

By:  */s/ Eric M. Walter*

## Certificate of Service

I certify that on June 12, 2026, I electronically filed the foregoing Petition for Permission to Appeal an Order Granting Remand Under 28 U.S.C. § 1453(c) with the Clerk of the United States Court of Appeals for the Eighth Circuit using the CM/ECF system, which will send notification of such filing to all counsel of record.

By: */s/ Eric M. Walter*